UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | 3:06-cv-13-RLY-WGH |
| | ) | EV 98-33-07-Y/H |
| WAYNE MARSHAL HARE, | ) | |
| | ) | |
| Defendant. | ) | |

**E N T R Y**

    This cause is before the court on the defendant's motion for reconsideration filed with the clerk on February 6, 2006, but signed by the defendant on January 31, 2006. The motion for reconsideration was filed within ten (10) working days from the entry of judgment on the clerk's docket on January 20, 2006, and hence is treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure*. *Lac du Flambeau Band of Lake Superior Chippewa Indians v. Wisconsin,* 957 F.2d 515, 517 (7th Cir. 1992).

    Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). The Court of Appeals has explained that there are only three valid grounds for a Rule 59(e) motion--newly-discovered evidence, an intervening change in the law, and manifest error in law. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998).

    There was in this case no manifest error of law or fact. *See Russell v. Delco Remy Div. of General Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995). The court did not misapprehend the defendant's claims or the nature of the defendant's motion for relief from judgment filed on December 14, 2005. This was fully and correctly explained in the Entry of January 17, 2006, and it is in no way surprising that the new action was summarily dismissed. *See United States v. Lloyd,* 398 F.3d 978 (7th Cir. 2005).

    Accordingly, the post-judgment motion for reconsideration, treated as a motion to alter or amend judgment, is **denied.**

    **IT IS SO ORDERED.**

Date: 02/15/2006

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Wayne M. Hare, Reg. No. 55804-198
Federal Correctional Complex
Taft Correctional Institution
P.O. Box 7001
Taft, CA 93268

Bradley A. Blackington
Assistant U.S. Attorney
10 West Market Street   Suite 2100
Indianapolis, IN   46204-3048